MDR

WO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Douglas Harris Brown, Jr., | No.    CV-24-01942-PHX-JAT (MTM) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County, et al., | |
| Defendants. | |

Self-represented Plaintiff Jeffrey Douglas Harris Brown, Jr., who is proceeding in forma pauperis, was confined in a Maricopa County Jail when he filed this civil rights action but is now confined in the Arizona State Prison Complex-Yuma.  In an August 21, 2024 Order, the Court dismissed Plaintiff's Complaint because he had failed to state a claim and gave him leave to file a first amended complaint that cured the deficiencies the Court identified.

Plaintiff then filed a First Amended Complaint.  In a December 26, 2024 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim and gave Plaintiff leave to file a second amended complaint that cured the deficiencies the Court identified.

Pending before the Court is Plaintiff's Second Amended Complaint (Doc. 12).  Attached to the Second Amended Complaint is a letter (Doc. 12 at 14) addressed to the undersigned.  The Court will dismiss the Second Amended Complaint and this action and will deny as moot the letter.

## I.    Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

## II.    Second Amended Complaint

In his five-count Second Amended Complaint, Plaintiff names as Defendants Maricopa County, former Maricopa County Sherrif Russell Skinner, Jail Commander Patrick King, and Deputies/Detention Officers John Does 1-15, Cazeam, Jeffrey, and Johanning.  In his Request for Relief, Plaintiff seeks monetary damages and his attorney's fees, court costs, and filing fees.

Plaintiff contends that between May 25 and 30, 2024, the toilets in two cells were "constantly overflowing" into the dining area.  He asserts that on the first day, detention officers ordered Plaintiff and his cellmate to "clean [this up] with just sandals[,] no socks."  Plaintiff claims Defendant Cazeam "was the first of many Deputy/Detention Officer[s who] ordered [Plaintiff] to clean up this bio-hazard mess," although there are "sub-contractors that work with [the] Maricopa County Jail" to "clean up such messes" with proper chemicals and clothing.  Plaintiff alleges his Eighth and Fourteenth Amendment rights were violated because Defendants Maricopa County and Skinner failed to properly train the deputies.

In **Count One**, Plaintiff raises a Fourteenth Amendment claim regarding his medical care.[1]  Plaintiff asserts that on June 27, 2024, he started the grievance process regarding the May 2024 incident involving the overflowing toilets.  He claims there was "a gap" between the incident and his initiation of the grievance process because he was "unaware of how to address [his] rights being violated."  Plaintiff alleges Defendant Johanning "closed" his grievance because Plaintiff had "waited to[o] long to address [his] issue."  He contends Defendants Maricopa County, Skinner, King, and non-party Maricopa County Sheriff's Office are "responsible for [his] rights being violated" and for "not training [their] deputies . . . properly."  Plaintiff asserts that because of Defendants Maricopa County, Skinner, and King's failure to properly train the deputies, he has a "fungus along with other health issue[s]."

---

[1] Although Plaintiff characterizes his claim as a medical care claim, it is more properly analyzed as a conditions of confinement claim.

In **Count Two**, Plaintiff alleges he was subjected to deliberate indifference, in violation of this Eighth Amendment rights.  He claims Defendants Does 1-15 served Plaintiff and other detainees food in "shockingly despicable conditions" between May 25 and 30, 2024.  Plaintiff asserts Defendants Skinner, King, and detention officers were "made very clear" that Plaintiff's rights were being violated but Defendants Skinner, King, and Does 1-15 did "nothing to resolve the issue."  He contends he and the other detainees were served food for five days that had been "exposed to human feces[,] fec[al] matter[,] urine water[, and] sewer water."  Plaintiff claims he has suffered "severe physical and emo[tio]nal injuries and de[bilit]ating physical complications" as a result of Defendants' "acts and omissions."

In **Count Three**, Plaintiff alleges he has been subjected to cruel and unusual punishment and deliberate indifference, in violation of his Eighth and Fourteenth Amendment rights.  He contends Defendants Skinner, King, and Maricopa County, as well as non-parties Maricopa County Jail, "CHS Medical Staff," and detention officers, ordered Plaintiff and his cellmate to "clean this up," although Defendant Maricopa County has a "private sub-contractor to clean up bio-hazard jobs such as this."  Plaintiff asserts other officers were involved, but Defendants Cazeam and Jeffery are the only officers whose names he "can remember."  He also claims his food was "contaminated" because detention officers "pushed the cart that served [the] food through water that contained fe[cal] matter[,] feces[,] and urine[,] along with sewer water that stayed in [their] dining area for five days" until detention officers ordered Plaintiff to "collect line[n]s and blankets to block . . . the flow from continuing."

In **Count Four**, Plaintiff raises a state law negligence claim.  He contends Defendant Skinner and detention officers owed Plaintiff a duty not to "intentionally injure" him and "breached" this duty because Defendants Skinner and Maricopa County "negligently failed to properly train it[]s deputies regarding policies, practices or customs that would violate the Plaintiff's constitutional rights" and "negligently allowed their employees to allow such events to take place to Plaintiff," despite knowing it was "a direct

violation," could "possibly be a bio-ha[zar]d," and could cause Plaintiff serious harm "without the proper equi[p]ment." He contends Defendant Shinn and non-party "C.H.S. Healthcare" "kn[ew] that this was happening because they w[]ere in the housing unit as medical services" and "ha[d] taken a[n] oath of proper medical care."

In **Count Five**, Plaintiff alleges he was subjected to the intentional infliction of emot[iona]l tra[u]ma and distress" because "the acts and omissions of [Defendants Maricopa County and Skinner] and [their] employees[,] agents[,] or assigns" engaged in intentional, willful, and wanton acts that resulted in severe injuries to Plaintiff.

## III.    Discussion

### A.    Federal Claims

#### 1.    Defendant Maricopa County

As the Court explained in the August 21 and December 26, 2024 Orders, "[a] municipality may not be sued under [42 U.S.C.] § 1983 solely because an injury was inflicted by its employees or agents." *Long v. County of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006). The actions of individuals may support municipal liability only if the employees were acting pursuant to an official policy or custom of the municipality. *Botello v. Gammick*, 413 F.3d 971, 978-79 (9th Cir. 2005).

A § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)). Plaintiff has failed to allege facts to support that Defendant Maricopa County maintained a specific policy or custom that resulted in a violation of Plaintiff's federal constitutional rights and has failed to explain how his injuries were caused by any municipal policy or custom. Moreover, in Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff, not the county. *See* Ariz. Rev. Stat. §§ 11-441(A)(5), 31-101. Thus, the Court will dismiss Defendant Maricopa County.

## 2.     Individual Defendants

Although self-represented pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

### a.     Allegations Against Groups of Defendants

As the Court explained in the August 21 and December 26, 2024 Orders, it is insufficient for Plaintiff to simply make vague and conclusory allegations against a group, without any factual specificity as to what any particular individual did or failed to do. *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the

complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed.").  Thus, the Court will dismiss Plaintiff's claims against Defendants Skinner, King, and John Does 1-15.

### b.    Defendant Johanning

As was also explained in the August 21 and December 26, 2024 Orders, prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("[t]here is no legitimate claim of entitlement to a grievance procedure").  Accordingly, prisoners cannot bring due process challenges to the processing of their grievances.  *See Ramirez*, 334 F.3d at 860; *McRoy v. Roe*, 509 F. App'x 660, 660 (9th Cir. 2013) (affirming dismissal of claims "arising from defendants' processing of and response to his grievances because prisoners do not have a 'constitutional entitlement to a specific prison grievance procedure'") (quoting *Ramirez*, 334 F.3d at 860).  Thus, the Court will dismiss Plaintiff's claim against Defendant Johanning regarding the denial of his grievances.

### c.    Defendants Cazeam and Jeffrey

As the Court explained in the August 21 and December 26, 2024 Orders, a pretrial detainee has a right under the Due Process Clause of the Fourteenth Amendment to be free from punishment prior to an adjudication of guilt.  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).  Pretrial detainees are "entitled to 'adequate food, clothing, shelter, sanitation, medical care, and personal safety.'"  *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982)).  To state a claim of unconstitutional conditions of confinement against an individual defendant, a pretrial detainee must allege facts that show:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of

suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).

Whether the conditions and conduct rise to the level of a constitutional violation is an objective assessment that turns on the facts and circumstances of each particular case. *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005). However, "a de minimis level of imposition" is insufficient. *Bell*, 441 U.S. at 539 n.21. In addition, the "'mere lack of due care by a state official' does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. County of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (quoting *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). Thus, a plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff alleges that on one occasion, Defendants Cazeam and Jeffrey ordered Plaintiff and his cellmate to clean up water from two overflowing toilets. He does not identify what equipment he was given to clean up the toilet water. Nor does he allege he requested protective clothing or cleaning chemicals before cleaning up the toilet water and, if he did, what response either Defendant gave. Plaintiff's allegations are insufficient to state a Fourteenth Amendment claim against either Defendant. *Cf. Wyland v. Brownfield*, CV-08-01601, 2011 WL 5445305, at *5 (W.D. Pa. Nov. 9, 2011) ("[H]aving to clean a moldy shower with backed up sewage without gloves or a mask on a[] single occasion simply do[es] not give rise to a substantial risk of serious harm or challenge common standards of decency. These incidents may provide momentary discomfort, but . . . no reasonable jury could conclude th[e] situation gives rise to a common or likely risk of serious harm."). Thus, the Court will dismiss Plaintiff's claims against Defendants Cazeam and Jeffrey.

### B.    State Law Claims

The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state-law claims because, as explained in this Order, the Court is dismissing Plaintiff's federal claims.  *See Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" (quoting 28 U.S.C. § 1367(c)(3))); *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (when federal law claims are eliminated before trial, the court generally should decline jurisdiction over state law claims and dismiss them without prejudice).  Thus, the Court will dismiss without prejudice Plaintiff's state law claims.

### IV.    Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint.  "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).  The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend.  *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court.  The Court finds that further opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

### V.    Plaintiff's Letter

In his letter, Plaintiff requests to have this action "placed together" with another lawsuit Plaintiff filed, *Brown v. Maricopa County*, CV-25-00045-PHX-JAT (MTM). Plaintiff asserts that due to a "misunderstanding that [he] had with the process of how to

file this civil suit," he filed a civil rights complaint in this action and then filed a Notice of Claim in CV-25-00045.

First, it is improper for a party to communicate by mailing a letter directly to the Clerk of Court, the judge, or any court personnel. Any request for action by the Court must be in the form of a motion that complies with the Federal Rules of Civil Procedure and the Rules of Practice of the United States District Court for the District of Arizona (the Local Rules).

Second, CV-25-00045 has been dismissed.[2] And this action is also being dismissed. There is no basis for these two dismissed actions to be "placed together." Thus, the Court will deny Plaintiff's letter.

**IT IS ORDERED:**

(1)    Plaintiff's letter (Doc. 12 at 14) is **denied**.

(2)    Plaintiff's Second Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(3)    The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 18th day of August, 2025.

James A. Teilborg
Senior United States District Judge

---

[2] In a January 13, 2025 Order in CV-25-00045, the Court dismissed the Notice of Claim because it was not filed on a court-approved complaint form and gave Plaintiff 30 days to file an amended complaint on a court-approved form and either pay the filing and administrative fees or file an application to proceed in forma pauperis. Plaintiff failed to take any action, and the Clerk of Court entered a judgment of dismissal of that action without prejudice.